**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| MARGARET McCOWN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-08-1033-M |
| ) | |
| MERCY HEALTH CENTER, INC., ) | |
| ) | |
| Defendant. ) | |

**ORDER**

Before the Court is "Defendant Mercy Health Center, Inc.'s Motion to Dismiss and Brief in Support" [docket no. 7], filed November 17, 2008. On December 15, 2008, plaintiff filed her response, and on December 23, 2008, defendant filed its reply. Furthermore, plaintiff filed her surreply on January 5, 2009. Based upon the parties' submissions, the Court makes its determination.

I.   Background

Plaintiff, a former employee at defendant's hospital facility, brought this action based upon Title VII of the Civil Rights Act of 1964. Plaintiff was initially hired to work at the hospital on or about May 18, 1990, as a clinical dietitian. Subsequently, she was promoted to the position of clinical nutrition manager, a position she held for approximately ten (10) years. In 2002, plaintiff reported incidents of embezzlement and sexual harassment by her supervisor, the director of food and nutrition services, and the director was later terminated from employment. Plaintiff asserts that after she reported the embezzlement and sexual harassment, she was discriminated and retaliated against by certain of defendant's representatives including the vice president of operations, the human resources director and the new director of food and nutrition services.

As a result of alleged discrimination and retaliation, plaintiff voluntarily transferred in May

2003 to another department, where she began working as a coordinator in defendant's community outreach department. Approximately six months later in October 2003, plaintiff resigned her position due to the financial hardship resulting from her pay reduction and she left her field of expertise in nutritional science to accept the position of coordinator. Upon her resignation, plaintiff's immediate supervisor performed plaintiff's exit interview and evaluation. The supervisor gave plaintiff excellent ratings on job performance and documented her as eligible for rehire.

After voluntarily resigning her employment in October 2003, plaintiff has applied for re-employment at defendant's hospital on at least four occasions and was never contacted to be interviewed for any of the positions. On or about July 23, 2007, plaintiff sent a letter to the human resources director inquiring as to whether she had been considered for any of the positions for which she applied. On or about September 3, 2007, plaintiff received a letter from defendant's executive director and counsel indicating that plaintiff would not be considered for future employment with defendant. Plaintiff subsequently had a telephone conversation with the human resources director on or about September 30, 2007, where she was told that she was ineligible for rehire because she was involved in missing money.

Plaintiff brings her claims alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*. Defendant now moves to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

II.  Standard of Review

"[A] complaint should not be dismissed for failure to state a claim unless it appears...plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1968 (2007). The relevant inquiry is whether the complaint contains

enough facts to state a claim to relief that is plausible on its face. *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007). The issue in reviewing the sufficiency of plaintiff's complaint is not whether she will prevail, but whether she is entitled to offer evidence to support her claims. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). The Court must assume as true all well pleaded facts in plaintiff's complaint and view them in a light most favorable to plaintiff. *Zinermon v. Burch*, 494 U.S. 113, 118 (1990); *Sutton v. Utah State Sch. For the Deaf and Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999). However, the Court need not accept as true plaintiff's conclusory allegations. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

III.    Discussion

"Title VII of the Civil Rights Act of 1964 forbids employment discrimination based on 'race, color, religion, sex, or national origin.' A separate section of the Act-its anti-retaliation provision-forbids an employer from 'discriminat[ing] against' an employee or job applicant because that individual 'opposed any practice' made unlawful by Title VII or 'made a charge, testified, assisted, or participated in' a Title VII proceeding or investigation." *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 56 (2006) (internal citations omitted).

Defendant asserts that plaintiff's gender discrimination, harassment and retaliation claims that occurred during her employment with defendant are time barred. Plaintiff concedes that she is not seeking to recover remedies for any adverse action taken against her prior to her voluntary resignation in October 2003. Instead, she asserts retaliatory adverse action in two respects: first, she applied with defendant for four positions since her voluntary resignation in October 2003, but was not hired; and second, she was retaliated against when her status changed from eligible for rehire to not eligible for rehire. Defendant contends that plaintiff's four claims for refusal to hire, which

occurred sometime between her voluntary resignation in October 2003 and her letter and conversation with defendant's representative in September 2007, are well beyond the three hundred day time limit within which plaintiff must file her Equal Employment Opportunity Commission ("EEOC") charge. Furthermore, defendant argues that the doctrine of equitable tolling is inapplicable to the case at bar.

The Court must first determine when plaintiff's cause of action began to accrue. In this regard, defendant cites *Hulsey v. Kmart, Inc.*, 43 F.3d 555, 557 (10th Cir. 1994), for the proposition that a cause of action accrues on the date the employee is notified of an adverse employment decision. Thus, defendant asserts the date of the refusal to hire is the date which plaintiff's first discriminatory refusal to hire claim began to accrue, rather than the time in which plaintiff adduced additional facts to suspect unlawful conduct. As the argument goes, plaintiff had notice of the alleged adverse employment action when she was allegedly not selected for employment, and, therefore, plaintiff had all she needed to file suit as far back as 2003 and has simply failed to do so.

Defendant's reliance upon *Hulsey* is, however, misplaced as "the scope of the anti-retaliation provision extends beyond workplace-related or employment-related retaliatory acts and harm." *Burlington N. & Santa Fe Ry. Co.*, 548 U.S. at 67. Whereas the substantive provisions of Title VII seek to prevent discrimination and/or injury to individuals based upon who they are, *i.e.*, their status, the anti-retaliation provision seeks to prevent harm to individuals based on what they do, *i.e.*, their conduct. *Id.* at 63. Indeed, these strictures against retaliation extend to former employees. *Robinson v. Shell Oil Co.*, 519 U.S. 337, 341 (1997). "[T]hus, the anti-retaliation provision, unlike the substantive provision, is not limited to discriminatory actions that affect the terms and conditions of employment." *Burlington N. & Santa Fe Ry. Co.*, 548 U.S. at 64. Rather, the anti-retaliation

provision extends to "any adverse treatment that is based on a retaliatory motive and is reasonably likely to deter the charging party or others from engaging in protected activity." *Id*. at 66. The protections from retaliation afforded by Title VII, therefore, are not limited to conduct prohibited by the primary substantive provisions. *Id*.

Having reviewed the parties' submissions, the Court finds plaintiff has sufficiently alleged facts whereby it is arguable that her claims for retaliation may have begun to accrue on or about September 2007. Critical to the Court's determination is whether the conduct involving the change in status of a former employee from eligible for rehire to not eligible for re-employment is an adverse action subject to the anti-retaliation provisions of Title VII. Under the standard the United States Supreme Court enunciated in *Burlington*, the Court finds that retaliatory conduct could conceivably be found in allegations made in the Complaint: plaintiff alleges that she complained of certain illegal conduct and activities during her employment with defendant, and that on four occasions after departing employment she applied and was denied re-employment with defendant. Plaintiff further alleges that on or about September 2007, she was informed of conduct inferring a change in status which this Court construes as an adverse action. Contrary to defendant's position, the Court finds that the prescribed conduct is an adverse action because it precludes plaintiff from even being considered for employment at any time in the future, could result in unintentional representations to prospective employers concerning plaintiff's employment status with defendant, and may potentially mislead an employee (plaintiff) as to why she was not hired.

Having concluded that plaintiff has sufficiently asserted a retaliation claim based upon conduct underlying her change in status which may have begun to accrue on or about September 2007, the Court further finds that plaintiff has sufficiently alleged that she timely filed an EEOC

charge under Title VII within 300 days of being notified that she was not considered eligible for rehire.

The Court, however, finds that a distinction is warranted between the timeliness of plaintiff's retaliation claims as grounded in the failure to hire versus her change in status claims. While plaintiff clearly alleges a date certain in time as to the conduct underlying her change in status claims, her assertions are vague concerning the retaliation based upon the failure to hire leaving the Court to speculate as to whether these latter claims are timely. As plaintiff has not provided dates as to her failure to hire retaliation claims in a manner sufficient to determine whether they are timely filed, the Court finds that the motion to dismiss should be granted as to these claims. However, the Court will grant plaintiff leave to amend her Complaint to re-assert with more detail her allegations concerning her retaliatory failure to hire claims.

Even assuming that plaintiff has failed to timely file her charge and cause of action, this action may be subject to equitable tolling under the facts at issue in this case. While "it is knowledge of the adverse employment decision itself that triggers the running of the statute of limitations," *Hulsey*, 43 F.3d at 558-59, "it is generally accepted that when an employer misleads an employee regarding a cause of action, equitable estoppel may be invoked. This circuit has noted that equitable tolling may be appropriate if an employer actively misleads a plaintiff." *Donovan v. Hahner, Foreman & Harness, Inc.*, 736 F.2d 1421, 1427 (10th Cir. 1984) (internal citations omitted).[1]

Defendant asserts that equitable tolling in this instance is inappropriate because plaintiff's

---

[1] The Court would note that the phrases "equitable estoppel" and "equitable tolling" are treated as a single doctrine pursuant to the Tenth Circuit's decision in *Donovan*.

assertion that she learned in September 2007 she was actively misled concerning her re-employability with defendant amounts to a claim that defendant's proffered reasons for its adverse employment action are pretextual, and allegations of pretext alone are insufficient to support equitable tolling.  Having reviewed the parties' submissions, and construing the facts in the light most favorable to plaintiff, the Court finds that plaintiff has submitted allegations, which, if proven, would subject her change in status retaliation claim to equitable tolling.  Specifically, plaintiff alleges that at some unknown point in time, defendant surreptitiously and deceptively changed plaintiff's status to not eligible for rehire, and that she first found out about this change in her status on or about September 2007.  Accordingly, the Court finds these allegations sufficient to assert the claim that defendant actively misled plaintiff, thus supporting equitable tolling in this case.

The Court also finds, however, that the present allegations do not support equitable tolling as to plaintiff's failure to hire retaliation claims.  While the Court grants the motion to dismiss as to these bases, the Court will also grant plaintiff leave to amend her Complaint to re-assert with more detail her allegations concerning equitable tolling as to her failure to hire retaliation claims.

IV.     Conclusion

For the reasons set forth in detail above, the Court hereby GRANTS IN PART and DENIES IN PART the motion to dismiss as follows:

      (A)    The Court GRANTS the motion to dismiss as to plaintiff's retaliation claims based upon the failure to hire and equitable tolling as to her failure to hire retaliation claims;

      (B)    The Court DENIES the motion to dismiss in all other respects; and

      (C)    The Court GRANTS plaintiff leave to amend her Complaint; said amended Complaint shall be filed within ten days of this order.

**IT IS SO ORDERED this 2nd day of April, 2009.**

*[signature]*
VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE